# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LAWRENCE WAYNE DEMERS, | ) | Case No. EDCV 12-01239-JEM |
| Plaintiff, | ) ) ) | |
| v. | ) ) | MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) | |

## PROCEEDINGS

On August 4, 2012, Lawrence Wayne Demers ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits.  The Commissioner filed an Answer on November 8, 2012.  On January 31, 2013, the parties filed a Joint Stipulation ("JS").  The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 42 year old male who applied for Social Security Disability Insurance benefits on January 16, 2009, and Supplemental Security Income benefits on January 12, 2009.  (AR 10.)  The ALJ determined that Plaintiff has not engaged in substantial gainful activity since January 17, 2008, the alleged onset date of his disability.  (AR 12.)

Plaintiff's claims were denied initially on April 2, 2009, and on reconsideration on August 5, 2009.  (AR 10.)  Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Jay E. Levine on October 6, 2010, in San Bernardino, California.  (AR 10.)  Claimant appeared and testified at the hearing and was represented by counsel.  (AR. 10.)  Vocational expert ("VE") Corinne J. Porter also appeared and testified at the hearing.  (AR 10.)

The ALJ issued an unfavorable decision on December 8, 2010.  (AR 10-22.)  The Appeals Council denied review on June 19, 2012.  (AR 1-6.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as the ground for reversal and remand:

1.      Whether the ALJ properly considered the opinion of Adrianne Cristina Beck, M.D.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error.  Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).  Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld.  Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).  "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"  Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner has established a five-step sequential process to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the claimant is engaging in substantial gainful activity, disability benefits will be denied.  Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments.  Parra, 481 F.3d at 746.  An impairment is not severe if it does not significantly limit the claimant's ability to work.  Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996).  Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations.  Parra, 481 F.3d at 746.  If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled.  Bowen v. Yuckert, 482 U.S. at 141.  Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

3

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  Residual functional capacity ("RFC") is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The RFC must consider all of the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).  The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity.  Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.  Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since January 17, 2008, the alleged onset date.  (AR 12.)

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: degenerative disk disease, degenerative joint disease, drop foot on left, and obesity.  (AR 12.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments.  (AR 14.)

The ALJ then found that Plaintiff has the RFC to perform a range of sedentary work, as defined in 20 CFR §§ 404.1567(a), 416.967(a) and SSR 83-10, with the following limitations:

> Claimant can lift and/or carry 10 pounds occasionally and less than 10 pounds frequently; stand and/or walk, in 15-minute intervals, for two hours out of an eight-hour workday; sit for six hours out of an eight hour workday with regular breaks; occasionally lift overhead within the above-specified weight limits; and occasionally climb stairs, stoop, kneel, and crouch.  The Claimant must use a cane for walking more than 50 feet.  The Claimant is precluded from balancing, crawling, climbing ladders; working at unprotected heights; working around dangerous moving machinery; and using his left leg for pushing and pulling.

(AR 14-20.)  In determining this RFC, the ALJ made an adverse credibility determination which is not challenged here.  (AR 17.)

At step four, the ALJ found that Plaintiff is able to perform his past relevant work as a patient scheduler.  (AR 20.)  Alternatively, the ALJ found that there are also jobs that exist in significant numbers in the national economy that Claimant can perform, including charge account clerk, order clerk, and paramutual ticket checker.  (AR 20-21.)

Consequently, the ALJ found Claimant not disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of the ALJ's decision.  (AR 21.)

## DISCUSSION

The ALJ decision must be affirmed.  The ALJ rejected Dr. Beck's opinion for specific, legitimate reasons supported by substantial evidence.  The ALJ's RFC is supported by substantial evidence.  The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

### A.   Relevant Federal Law

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians:  (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians).  <u>See</u> 20 C.F.R. §§ 404.1527, 416.927; <u>see also</u> <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1995).  In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual."  <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).  If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight."  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons.  <u>Lester</u>, 81 F.3d at 830.  However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record.  <u>Lester</u>, 81 F.3d at 830-31; <u>see</u> <u>also</u> <u>Orn</u>, 495 F.3d at 632; <u>Thomas v. Barnhart</u>, 278 F.3d 947, 957 (9th Cir. 2002).  Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings.  <u>See</u> <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1041 (9th Cir. 1995); <u>Orn</u>, 495 F.3d at 632.  Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons.  <u>Bayliss v. Barnhart</u>, 427 F.3d 1211, 1216 (9th Cir. 2005).  If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it.  <u>Id.</u>  However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an

6

1  examining physician or a treating physician"; such an opinion may serve as substantial

2  evidence only when it is consistent with and supported by other independent evidence in the

3  record.  Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

4     **B.    Analysis**

5        The ALJ assessed Plaintiff with a RFC for a range of sedentary work (AR 14) and found

6  that Plaintiff could perform both his past relevant work and, alternatively, other work in the

7  national economy.  (AR 20-21.)  The ALJ presented a thorough analysis of the medical

8  evidence supporting his RFC and also made an adverse credibility determination that Plaintiff

9  consciously attempted to portray limitations not actually present in order to obtain benefits.  (AR

10  17.)  Significantly, Plaintiff does not challenge the ALJ's adverse credibility determination.  In

11  fact, Plaintiff's only contention is that the ALJ failed to give specific, legitimate reasons for

12  rejecting the opinion of treating physician Dr. Adrianne Beck or to recontact her to clarify the

13  basis of her opinion.  Plaintiff's contentions have no merit.  The ALJ rejected Dr. Beck's opinion

14  for specific, legitimate reasons supported by substantial evidence.

15        Dr. Beck provided a Work Status Report dated September 8, 2010, that states, "Pt is

16  permanently disabled."  (AR 19, 298.)  There is no explanation for this opinion and no reference

17  to the medical evidence of record.  Not surprisingly, the ALJ rejected Dr. Beck's opinion by

18  stating, "The opinion expressed is quite conclusory, providing no explanation of the evidence

19  relied on in forming that opinion."  (AR 298.)  Ninth Circuit law unequivocally supports the ALJ's

20  rejection of Dr. Beck's opinion.  See Thomas, 278 F.3d at 957 ("The ALJ need not accept the

21  opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and

22  inadequately supported by clinical findings."); Batson v. Comm'r, 359 F.3d 1190, 1196 (9th Cir.

23  2004) (an ALJ may discredit a treating physician's opinion that is conclusory, brief and

24  unsupported by the record as a whole, or by objective medical findings).

25        Plaintiff confuses the issue by attacking the ALJ's statement that Dr. Beck was

26  expressing an ultimate opinion on disability, an issue reserved to the Commissioner.  (AR 19.)

27  Although Plaintiff correctly notes that an ALJ may not ignore a medical opinion because it

28  addresses the ultimate issue of disability, see Sexton v. Astrue, 2010 WL 1854055, at *2 (C.D.

7

Cal. May 5, 2010), the ALJ here did not do so.  The ALJ rejected Dr. Beck's opinion for specific, legitimate reasons – namely, that her opinion was conclusory and without evidence to support it.

Nor did the ALJ have any duty to recontact Dr. Beck to obtain a clarification of her opinion.  An ALJ is required to recontact a doctor only if the doctor's opinion is ambiguous or insufficient for the ALJ to make a determination of disability.  Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005) (citing 20 C.F.R. § 404.1562(e)).  Where other evidence in the record is adequate to determine disability, there is no duty to recontact other doctors.  Id.  The ALJ here thoroughly reviewed the evidence and had an adequate basis for the RFC assessed, including an adverse credibility determination Claimant does not challenge.

Plaintiff acknowledges 20 C.F.R. § 404.1512(e) cited by Bayliss, but claims the that the recontact provision in SSR 96-5p, 1996 WL 374183, at *6, is different from the recontact provision of 20 C.F.R. § 404.1512(e), in that SSR 96-5p requires recontact whenever the bases for a treating source opinion are not clear.  Plaintiff cites no case authority for this assertion, and the Ninth Circuit has relied on 20 C.F.R. § 404.1512(e), not SSR 96-5p, in determining when recontact is required.  The Court agrees with the Commissioner that SSR 96-5p refers to treating source opinions that are ambiguous, not wholly conclusory opinions utterly without evidentiary support or explanation.  As to the latter, Bayliss applies.  Were it otherwise, the least supported and cursory opinions would require recontact or reversal even when other medical evidence is adequate to reach a disability determination.  The Court does not believe that the Ninth Circuit would sanction such an anomalous and inefficient result.

The ALJ rejected Dr. Beck's opinion for specific, legitimate reasons supported by substantial evidence.  There was no duty to recontact because other medical evidence of record was adequate for the ALJ to reach a determination of disability.  The ALJ's RFC is supported by substantial evidence.  The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

1

**ORDER**

2          IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the

3   Commissioner of Social Security and dismissing this case with prejudice.

4

5   DATED: March 6, 2013                              /s/ John E. McDermott

6                                          JOHN E. MCDERMOTT
                                           UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28